IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SANSEN,<br><br>        Plaintiff,<br><br>  v.<br><br>OFFICER FOLENA, et al.,<br><br>        Defendants. | No. C 07-0167 MJJ (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate in the Alameda County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983 against five officers of the Pittsburg Police Department. Plaintiff has been granted leave to proceed in forma pauperis in a separate order.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

N:\MJJ\Week of 7.16.07\sansen.lta.wpd

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff's only allegation in the complaint is that he "was beaten severely by all the officers involved, sent to the hospital." To be sure, the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. See Graham v. Connor, 490 U.S. 386, 394-95 (1989). Here, however, plaintiff has failed to allege even the most basic facts regarding the alleged use of force, such as the date or location of the use of force, the kind of force used, and whether it took place during arrest or at some other time. Most importantly, he has failed to allege what each defendant did individually to contribute to the alleged use of excessive force. To state a cognizable claim against individual defendants, plaintiff must "set forth specific facts as to each individual defendant's" role in depriving plaintiff of his protected rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Furthermore, liability may be imposed only if plaintiff can allege and show that the defendant actually and proximately caused the deprivation of a federally protected right. See id.  Plaintiff will be given leave to amend the complaint to set forth additional facts regarding the alleged use of force, and to set forth specific facts showing that each individual defendant's actions proximately caused a violation of plaintiff's constitutional rights, provided he can do so in good faith.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1.  The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint within 30 days from the date of this order which shall correct the deficiencies noted above. The amended complaint shall include in the caption the case number of this case (C 7-0167 MJJ (PR)) and the phrase "AMENDED COMPLAINT."

2.  **The amended complaint supersedes the initial complaint and may not**

**incorporate by reference any parts of the original complaint;[1] plaintiff must include in the amended complaint all the allegations and claims he wishes to present. If plaintiff fails to timely file an amended complaint in conformity with this order, the complaint will be dismissed.**

     3.    It is plaintiffs' responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

     IT IS SO ORDERED.

DATED: 7/10/2007

                                          /s/ Martin J. Jenkins
                                          MARTIN J. JENKINS
                                          United States District Judge

---

[1] Nor may plaintiff incorporate by reference allegations set forth in any complaint filed in a prior action, as plaintiff has attempted to in the present complaint.

**United States District Court**
For the Northern District of California